**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS M. BRADDY, JR., | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCC ATLANTA, et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:15-CV-3361-TWT-JKL |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Thomas M. Braddy, Jr., a former federal prisoner, submitted a civil rights claim under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as part of a 28 U.S.C. § 2241 habeas corpus petition in the United States District Court for the Eastern District of Texas. [Doc. 2 at 11-15.] The civil rights claim was severed from the habeas petition, and the portion of the claim relating to the Federal Prison Camp in Atlanta, Georgia ("FPC"), was transferred to the Northern District of Georgia. [Doc. 1; Doc. 20 at 6.]

On October 19, 2015, Magistrate Judge Gerrilyn G. Brill reviewed Plaintiff's claim under 28 U.S.C. § 1915A. [Doc. 23.] Judge Brill set forth the facts of Plaintiff's claim as follows:

> Plaintiff states that he was confined in the [FPC] when a codefendant in his criminal case, Dexter Lowe, was also placed in that

> facility on January 15, 2010. . . . Because Plaintiff had assisted the Government in obtaining Lowe's conviction, Plaintiff felt that his safety was endangered by Lowe's placement in the same facility. . . . Plaintiff complained to an unspecified officer, who stated that "nothing will happen." . . . However, Lowe allegedly informed other inmates of Plaintiff's cooperation with the Government. . . . Thereafter, Plaintiff "was subject[ed] to harassment and name calling." . . . Plaintiff "borrow[ed] a fellow inmate['s] cell phone to call his attorney and family for safety reasons," but he "was caught using the cell phone and disciplined." . . . Plaintiff alleges that unspecified Bureau of Prisons staff . . . should have kept Plaintiff separated from Lowe.

[*Id.* at 4-5 (citations omitted).]

Judge Brill then set forth the following applicable law:

> "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828 (internal quotation marks omitted). "[D]eliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam).

[*Id.* at 5-6.]

Judge Brill determined that "Plaintiff fail[ed] to allege sufficient facts showing that (1) he faced a substantial risk of serious harm, and (2) prison officials acted with deliberate indifference." [*Id.* at 6.] However, Judge Brill gave Plaintiff an opportunity to submit an amended complaint alleging sufficient facts. [*Id.*] Plaintiff filed his amended complaint on November 6, 2015. [Doc. 24.] Following Judge Brill's retirement, the case was referred to the undersigned. [Docket Entry Jan. 19, 2016.]

Plaintiff's amended complaint names the following Defendants: the unnamed warden of "FCC Atlanta"; an unnamed regional director; Case Manager John Doe; Counselor Jones; and Officer Daniel Fields. [Doc. 24 at 1.] Plaintiff reiterates that his codefendant Lowe's placement in the FPC with Plaintiff caused inmates to subject him to verbal threats and harassment because he had cooperated with the Government. [*Id.* at 2-3.] Plaintiff reported that behavior to Officer Fields and Counselor Jones, but they took no action. [*Id.*] Plaintiff states that he was not assaulted at the FPC and he was eventually transferred to another prison. [*Id.* at 2, 5-6.] In Plaintiff's view, Defendants' failure to keep him separated from Lowe constituted a breach of the plea agreement in Plaintiff's criminal case. [*Id.* at 4-7.] Plaintiff alleges no specific facts regarding any Defendants other than Fields and Jones. Plaintiff seeks a modification of his sentence as well as declaratory and monetary relief. [*Id.* at 7.]

3

The undersigned determines that Plaintiff's amended complaint fails to remedy the deficiencies that Judge Brill identified. Plaintiff does not allege sufficient facts showing that other inmates' verbal threats and harassment constituted a substantial risk of serious harm. Consequently, Plaintiff also fails to show that any prison officials acted with deliberate indifference. Plaintiff states that "Defendants violated their duty to exercise care" and "were negligent," but negligence does not satisfy the higher standard of deliberate indifference. [*Id.* at 6.] *See Farmer*, 511 U.S. at 835. Finally, Plaintiff cannot obtain a modification of his sentence or challenge his plea agreement in a *Bivens* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is sole federal remedy for challenge to fact or duration of confinement).

Based on the foregoing and Judge Brill's Order of October 19, 2015 [Doc. 23], the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 24th day of February, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

4